| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>YOSSEF BONIEL AND SHELLY BONIEL,<br><br>                                  Plaintiffs,<br><br>               - against -<br><br>U.S. BANK N.A., as trustee for LEHMAN<br>MORTGAGE TRUST PASS THROUGH<br>CERTIFICATES, SERIES 2006-8;<br>NATIONSTAR MORTGAGE, LLC,<br><br>                                 Defendants.<br>------------------------------------------------------------ X | **NOT FOR PUBLICATION**<br><br><br><br><br>**MEMORANDUM & ORDER**<br><br><br>1:12-CV-3809 (ERK)(MDG) |

KORMAN, *J.*:

      Plaintiffs Yossef and Shelly Boniel filed suit alleging negligent misrepresentation, fraudulent misrepresentation, invalid assignment, unjust enrichment, violation of Regulation Z of the Truth in Lending Act and sought to quiet title on their property. The claims stem from the allegedly improper transfer of mortgages on plaintiffs' property at 72 Tennis Place, Forest Hills, New York. In a Memorandum and Order ("M&O") filed on February 6, 2013, I granted defendants' motion for summary judgment in full and denied plaintiffs' cross-motion. Plaintiffs move for reconsideration. Familiarity with the facts underlying the case and the court's order granting summary judgment is assumed. *See Boniel v. U.S. Bank N.A.*, No. 12-CV-3809, 2013 WL 458298 (E.D.N.Y. Feb. 6, 2013).

## ANALYSIS

      "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation omitted). "Rather, 'the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to

1

controlling decisions or data that the court overlooked.'" *Id.* (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)).

Plaintiffs argue that the Court should not have accepted the facts set forth in Defendants' Statement of Undisputed Material Facts ("Defendants' SUMF") because such facts were hearsay to the extent they were supported by the Declaration of A.J. Loll. They further contend that, though they failed to submit a counter-statement of material facts, it was error to deem the defendants' facts admitted because they were unsupported by admissible evidence and that the court should have considered the entire record. Finally, they argue that the alleged existence of two distinct copies of the Consolidated Note creates an issue of material fact that should have precluded the grant of summary judgment.

Plaintiffs' first argument is premised on the fact that Loll could not have had personal knowledge of the relevant facts. Loll is an employee of Nationstar, which began servicing plaintiffs' loan in 2012, whereas the issues pertinent to the case arose out of the original loan process around six years earlier. First, plaintiff briefed this argument in its initial opposition to the defendants' motion for summary judgment, Pls. Cross Mot. for Summ. J. & Opp'n at 23, and points to no new authority or controlling decisions that were overlooked. Second, the declaration is clearly based on Loll's examination of Nationstar's books and records, including those that were transferred to Nationstar from other parties when it began servicing the loan, and was submitted for the primary purpose of putting those records into evidence before the court. *See* Loll Decl. at ¶ 3 ("I make this declaration based upon . . . my review of the records relating to Plaintiffs and maintained by Nationstar . . . ."). "It is axiomatic that a corporate representative may testify and submit affidavits based on knowledge gained from a review of corporate books and records." *Harrison-Hoge Indus., Inc. v. Panther Martin S.R.L.*, No. 05-cv-2851, 2008 WL

905892, at *28 (E.D.N.Y. Mar. 31, 2008). Plaintiffs make no effort to respond to or distinguish this line of cases. Therefore, the motion to reconsider on this basis is denied.

Plaintiffs further argue that notwithstanding their failure to submit the required counter-statement of material facts and the consequence under our Local Rules that unopposed facts are deemed admitted, the court should have considered the entire record before granting summary judgment in favor of the defendants. This argument raises no new authority or facts which the court overlooked, and, in fact, the entire record was considered when ruling on the motion, including the limited evidence that was submitted by plaintiffs.

Finally, the plaintiffs argue that the existence of two "materially divergent" versions of the Note at issue precluded the grant of summary judgment. First, this argument was considered and addressed in the M&O, where I found that the minor differences likely reflected that the document was signed by the MERS appointee later in time, or that there may have been multiple execution copies. *See* M&O at 5. Plaintiffs point to no new authority or facts that would require revisiting this issue. Second, any divergences in the Notes are not "material" in any sense that would preclude the grant of summary judgment. Notably, plaintiffs never dispute that their signatures are authentic and that the mortgage as signed by them was valid. They only dispute the transfer of the Note, and plaintiffs have done nothing to rebut the presumption of ownership by possession of the note. *See* M&O at 6 (citing *Deutsche Bank Nat'l Trust Co. v. Pietranico*, 33 Misc. 3d 528, 545 (Sup. Ct. 2011); *Mortg. Elec. Registration Sys., Inc. v. Coakley*, 41 A.D.3d 674, 674 (2d Dept. 2007).

In sum, plaintiffs' motion points to no "controlling decisions or data that the court overlooked," *Analytical Surveys*, 684 F.3d at 52, and is merely an attempt to relitigate the issues that have already been considered and decided.

3

## CONCLUSION

The motion for reconsideration is denied.

**SO ORDERED.**

Brooklyn, New York
April 18, 2013

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge